IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID BRYAN BALLARD,<br><br>                              Plaintiff,<br><br>v.<br><br>KEN ANDERSON et al.,<br><br>                              Defendants. | **MEMORANDUM DECISION<br> & DISMISSAL ORDER**<br><br>Case No. 2:19-CV-306-DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, David Bryan Ballard, a Texas inmate, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2020), proceeding *in forma pauperis*, 28 *id.* § 1915. His Complaint, (ECF No. 3), is now before the Court for screening, 28 U.S.C.S. § 1915A (2020).

The Complaint names as defendants stationed in Georgetown, Texas: Judge Ken Anderson, who apparently presided over Plaintiff's criminal trial; District Attorney John Bradley, who apparently prosecuted Plaintiff; and Bill Hines, an attorney appointed to represent Plaintiff. (ECF No. 3, at 2-3.) Plaintiff alleges the first two defendants "abused" their "capacity" and "office," while Defendant Hines essentially provided ineffective assistance of counsel. (*Id.* at 4-5.) Plaintiff requests money damages to remedy alleged violations of his constitutional rights.

## SCREENING ANALYSIS

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for

failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## A. Venue

A careful review of the Complaint reveals no reference whatsoever to Utah, let alone any allegation that Utah is home to any party, events, omissions or property possibly involved in this case. The Complaint is thus dismissed for lack of venue. *See* 28 U.S.C.S. § 1391 (2020).

## B. Alternative Grounds for Dismissal

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law (without immunity). *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

### 1. Judicial Immunity

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases

for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The Court assumes the judge was acting his judicial capacity, so his actions are entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished). This is an alternative ground for dismissing Defendant Anderson.

### 2. Prosecutorial Immunity

Prosecutors acting within the scope of their duties enjoy absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Assuming Defendant Bradley's actions related to advocacy, the Court recognizes this as an alternative ground for dismissing Defendant Bradley.

### 3.  State-Actor Requirement

The Complaint names Defendant Hines based on his role as Plaintiff's defense counsel. Because he was a court-appointed attorney, the following rule applies:  "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). And, "'though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)). Thus, as an alternative ground, Plaintiff's claims against Defendant Hines may not proceed further.

**4.** *Heck*

"In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 48.

Plaintiff argues that Defendants violated his constitutional rights during state criminal proceedings. These arguments appear to attack Plaintiff's underlying conviction and sentence. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it apparently would. If this Court were to conclude that Plaintiff's constitutional right to effective assistance of counsel was violated in a prejudicial manner, it would be stating that Plaintiff's conviction and sentence were not valid.

This complaint therefore "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened. On this alternative basis also, the Court must thus dismiss Plaintiff's complaint.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2020), for lack of venue and failure to state a claim on which relief may be granted. Neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

DATED this 13th day of January, 2021.

BY THE COURT:

DALE A. KIMBALL
United States District Judge