## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DAVID BRYAN BALLARD,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**KEN ANDERSON et al.,**<br><br>    **Defendants**. | **MEMORANDUM DECISION<br>& ORDER**<br><br>**Case No. 2:19-cv-00306-DAK**<br><br>**Judge Dale A. Kimball** |

    This matter is before the court on Plaintiff's Application to Proceed In Forma Pauperis on Appeal. (ECF No. 24 (sealed).) Rule 24 of the Federal Rules of Appellate Procedure governs this Application since Plaintiff proceeded in forma pauperis at the district court level and because his motion pertains to his appeal of the court's January 13, 2021, Memorandum Decision and Dismissal order. (ECF No. 19–20.)

    Rule 24 provides that "a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. 24(a)(1). Rule 24(a) further requires that the party attach an affidavit that "(A) shows in detail prescribed by Form 4 of the Appendix of the Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.* Furthermore, when a party has proceeded in forma pauperis in the district-court action before an appeal, there is a presumption that the plaintiff "may proceed on appeal in forma pauperis without further authorization, unless: . . . the district court . . . certifies that the appeal is

not taken in good faith . . . and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3). Plaintiff's Application fails for three reasons.

First, Plaintiff did not file on the correct form. Plaintiff filed a form typically used to proceed in forma pauperis at the district court level. The form Plaintiff used is not as detailed as Form 4. Even though the form is not as detailed, it appears that Plaintiff would meet the qualifications.

Second, even if Plaintiff used the correct form and met the relevant qualifications, Plaintiff has not attempted to meet the requirements of Rule 24(a)(1)(B) or (C) of the Federal Rules of Appellate Procedure. Under these requirements, Plaintiff must address his entitlement to redress and list the issues he intends to present on appeal. Plaintiff did not attempt to claim an entitlement to redress or state the issue he intends to present on appeal. Accordingly, his Application fails.

Third, the court finds that Plaintiff's claims at the district court level are entirely without merit and, therefore, Plaintiff's appeal is not taken in good faith. On January 13, 2021, the court issued a Memorandum Decision and Order dismissing Plaintiff's complaint. Specifically, the court dismissed Plaintiff's complaint because the venue was improper. The court also dismissed the action on alternative grounds because: (1) Plaintiff's claims are barred by judicial and prosecutorial immunity; (2) section 1983 claims cannot be asserted against court-appointed attorneys because they are not state actors; and (3) the section 1983 claims are improper in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). Given the court's reasoning in its Memorandum Decision and Dismissal, Plaintiff's appeal is taken in bad faith because the court's venue determination is beyond dispute. Plaintiff's Complaint reveals no reference to Utah whatsoever. Thus, any appeal would be without merit and in bad faith. Additionally, the court's alternative

grounds for dismissal are similarly clear-cut and any appeal on those grounds is done in bad faith.

For the foregoing reasons, Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 24 (sealed)) is DENIED. Pursuant to Rule 24(a)(5) of the Rules of Appellate Procedure, Plaintiff may file a motion with the Tenth Circuit to proceed in forma pauperis on appeal within thirty days of being served with this denial.

DATED this 17th day of March, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge